IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WALTER G. ANDERSON | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv534 |
| ROCHELLE TURNER | § | |

**MEMORANDUM ORDER REGARDING TRANSFER**

Plaintiff Walter G. Anderson, an inmate confined in the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Rochelle Turner, the District Clerk for Fannin County, Texas.  Plaintiff complains that the defendant failed to file his application for writ of habeas corpus.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 (b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is

proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains that defendant Turner, the District Clerk for Fannin County failed to file his application for writ of habeas corpus which he sent to her.  As the events of which plaintiff complains took place in Fannin County, his claims arose in Fannin County.  In addition, the defendant appears to reside in Fannin County.  Pursuant to 28 U.S.C. § 124(c)(1), Fannin County is located in the Eastern District of Texas.  As a result, venue is proper in this court.

However, while Fannin County is in the Eastern District of Texas, it is in the Sherman Division of such district, rather than the Beaumont Division.  When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Sherman Division of this court.  A Transfer Order shall be entered in

accordance with this Memorandum Opinion.

**SIGNED** this   20   day of              December              , 2005.

                                            KEITH F. GIBLIN
                                            UNITED STATES MAGISTRATE JUDGE